# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN LEGAL VIDEO, et al. )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DEPOSITION SOLUTIONS, LLC D/B/A )<br>LEXITAS, et al., )<br>)<br>Defendants. ) | CASE NO. 1:23-CV-00421-LY |

## DECLARATION OF DAVID KIS

David Kis declares as follows:

1. My name is David Kis. I am the President of Alderson Reporting Company ("ARC"). For each of the events described below, I either have first-hand personal knowledge of them, or I have learned of them through my review of ARC's corporate records kept in the ordinary course of business.

2. ARC provides court reporting, videography, and other legal services throughout the United States. ARC has been in business for over 80 years and has provided reporting services for many landmark events in that time, including among other things for President John F. Kennedy's presidential campaign in 1959, for the Presidential Commission on the Space Shuttle Challenger accident in 1986, and for the September 11th Victims Compensation Fund Hearings in 2014.

3. ARC does not have a Texas office or any Texas employees. ARC contracts out deposition services when its clients need videography and transcription services in Texas.

4. Between 2014 and 2021, ARC from time to time engaged Austin Legal Video, LLC ("ALV") to provide videography and transcription services for depositions taking place in Texas.

Attached hereto as Exhibit A is a summary compiled from ARC's business records reflecting services that ARC engaged ALV to perform over that time period. ARC paid ALV a total of $20,071 for these services between 2014 and 2021.

5. Demand for ARC's services in the Texas market fluctuates from year to year. Some years ARC sent more work to ALV and other years it sent less work to ALV. At no point did ARC elect to use or not use ALV's services due to some voice-to-text product that Perez was developing and/or marketing.

6. In March 2020, the Coronavirus outbreak severely disrupted the entire United States legal services market. Lockdowns went into effect across the country, and the federal government issued its "15 Days to Stop the Spread" guidelines. Overall, the demand for deposition services dropped by 75% in 2020.

7. As a result, ARC significantly curtailed its use of ALV's services in 2020. In other words, ARC did not hire ALV to video or transcribe many depositions in 2020 because not many depositions were taken in 2020. ARC also did not make further inquiries about Depo Notes because there was no need for it with the decrease in business caused by the Coronavirus pandemic.

8. The effects of the Coronavirus carried over into 2021 and are still affecting ARC's business today. One notable lasting effect has been the rise in the proportion of depositions that are taken remotely. In many cases, ARC no longer needs a vendor based in Texas to video or transcribe Texas depositions.

9. Because of this change in the overall business environment, ARC elected in 2021 to identify and select a national vendor capable of servicing the Texas market.

10. ARC selected TISA Legal Media as its new vendor. TISA is capable of handling remote depositions nationwide. TISA also offers onsite deposition services in Texas when needed.

11. TISA charges ARC either $55 or $65 per hour for remote deposition services, depending on whether remote exhibit sharing capabilities are required. A redacted version of TISA's confidential rate sheet is attached hereto as Exhibit B.

12. ALV charged ARC $75 per hour for the same services. An invoice from ALV reflecting this higher rate is attached hereto as Exhibit C.

13. ARC elected to use TISA instead of ALV beginning in May 2021 because TISA charged lower rates than ALV and operated on a national scale. ARC never agreed with any other person or entity to cease using Plaintiffs' services, whether due to some new voice-to-text service being developed and marketed by Perez or otherwise.

14. ARC never discussed its decision to choose a new Texas vendor with any other Defendant or third-party entity. ARC, based in Washington, D.C., did not pressure any Texas court reporting companies or discourage them from doing business with Plaintiffs. ARC simply has no interest in who does or does not do business with Plaintiffs in Texas, or their reasons.

15. ARC was not a party to, or even aware of, the "Sham Litigation" described in the Complaint at Paragraphs 50-51.

16. The e-mails attached hereto as Exhibit D are true and correct copies of e-mails exchanged among ARC employees in February 2020. These e-mails were created by employees with first-hand knowledge of Depo-Notes' LinkedIn advertising and of conversations between Pasqual Perez and ARC employees. Such e-mails are stored by ARC in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 15th day of June, 2023.

_____
DAVID KIS