# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **AUSTIN LEGAL VIDEO, LLC** and **PASQUAL PEREZ, III,** *Plaintiffs* <br><br> v. <br><br> **SOUTHWEST REPORTING & VIDEO SERVICE, INC., SPEECH TO TEXT INSTITUTE, INC., SHERRI FISHER, and SHELLY TUCKER,** *Defendants* | § § § § § § § § § § § § § <br><br> Case No. 1:23-CV-00421-DAE |

**ORDER AND REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

**TO:   THE HONORABLE DAVID A. EZRA**
          **UNITED STATES DISTRICT JUDGE**

Now before the Court are Dov Preminger's Second Motion to Withdraw as Counsel, filed October 30, 2024 (Dkt. 95), and Amended Second Motion to Withdraw as Counsel with Consent, filed November 5, 2024 (Dkt. 96). By Text Orders entered October 31 and November 6, 2024, the District Court referred the motions to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules").

## I.   Order

Plaintiffs Pasqual "Trey" Perez III and his limited liability company, Austin Legal Video, LLC, bring antitrust and tortious interference claims against Defendants Southwest Reporting & Video Service, Inc., Speech to Text Institute, Inc., Sherri Fisher, and Shelly Tucker. On September 30, 2024, this Magistrate Judge denied attorney Dov Preminger's first motion to withdraw as counsel for Plaintiffs, who opposed the motion, finding that permitting counsel to withdraw would cause

1

an undue delay in the proceedings because Plaintiff Austin Legal Video is a limited liability company and cannot proceed without counsel. Dkt. 94 at 4. The Court also "strongly suggest[ed] that Plaintiffs promptly seek alternative counsel." *Id.*

On November 4, 2024, Perez submitted a declaration agreeing to Preminger's withdrawal. Dkt. 96-1. In their amended second motion to permit Preminger's withdrawal, Preminger and Plaintiffs state:

> Plaintiff Perez has indicated that he plans to proceed without counsel at this time and intends to represent himself. Mr. Perez is aware that Austin Legal Video, LLC cannot proceed without counsel, and that its claims may be dismissed if he does not have an attorney. Plaintiffs would request that, if the Court dismisses ALV's claims, that they be dismissed without prejudice as to re-filing the claims should ALV obtain counsel.

Dkt. 96 at 2. They also state: "Irreconcilable differences have arisen between lawyer and client regarding the prosecution of this case and Preminger no longer believes he can adequately represent Plaintiffs going forward." *Id.*

This Magistrate Judge finds that Plaintiffs have shown good cause for Preminger's withdrawal. *See Gowdy v. Marine Spill Response Corp.*, 925 F.3d 200, 204 (5th Cir. 2019) (affirming holding that counsel presented good cause for withdrawal where he cited "irreconcilable differences over issues related to the management of the litigation") (cleaned up).

For these reasons, this Magistrate Judge **GRANTS** Plaintiffs' Amended Second Motion to Withdraw as Counsel with Consent (Dkt. 96) and **ORDERS** that Dov Preminger is hereby **WITHDRAWN** as Plaintiffs' counsel of record.

The Court **DISMISSES AS MOOT** Dov Preminger's Second Motion to Withdraw as Counsel (Dkt. 95).

## II. Recommendation

As stated above, Austin Legal Video, LLC cannot continue as a plaintiff in this case unless represented by counsel. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 873 (5th Cir. 2004) (citing "the well-settled rule of law that a corporation cannot appear in federal court unless represented by a licensed attorney"). When a corporation is left without representation, a court might "admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case without prejudice and allow the corporation to re-file." *Id.* at n.5.

Having "strongly suggest[ed] that Plaintiffs promptly seek alternative counsel" nearly six weeks ago, Dkt. 94 at 4, this Magistrate Judge now **RECOMMENDS** that the District Court dismiss Plaintiff Austin Legal Video, LLC's claims without prejudice for failure to retain counsel if no attorney has entered an appearance on its behalf **on or before November 22, 2024**.

The Court **FURTHER ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable David A. Ezra.

## III. Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings

and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on November 7, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE