II.

INTERROGATORIES

INTERROGATORY NO. 1: Identify any damages You claim in this Lawsuit and in doing so, state: (i) the amount of damages, (ii) the method of calculating damages, and (iii) under what legal theory you claim damages.

ANSWER TO INTERROGATORY NO. 1:  The damages being claimed are conservatively $510,000 which was calculated by multiplying $85,000 times the number of years I have been excluded from the industry. The legal theory I am using is it was illegal for your clients to group boycott my business for innovation in this industry. This does not include Depo-Notes which was excluded by the judge incorrectly. I will appeal that ruling.

INTERROGATORY NO. 2: Identify who owns the Product. ANSWER TO INTERROGATORY NO.2:  I Pasqual Perez III own Depo-Notes

NO. 3: Identify all facts that support Your allegation, as stated in Your Complaint, that ".

ANSWER TO INTERROGATORY NO. 3:  Objection Incomplete question

INTERROGATORY NO. 4: Identify all individuals and entities you are aware of who participated in or had knowledge of the alleged group boycott, including their full names, addresses, and specific roles within their respective organizations.

ANSWER TO INTERROGATORY NO. 4 DEPOSITION

SOLUTIONS, LLC D/B/A,

LEXITAS, COURT REPORTERS, CLEARINGHOUSE, INC.,

ALDERSON

REPORTING COMPANY, INC., SOUTHWEST REPORTING

& VIDEO SERVICE, INC., KENNEDY REPORTING

SERVICE, INC., TEXAS COURT REPORTERS

ASSOCIATION, INC., SPEECH TO TEXT INSTITUTE, INC.,

SHERRI FISHER, LORRIE SCHNOOR, SONIA TREVINO,

AND SHELLY TUCKER,

ADDING: LISA MIGLIORE-BLACK, JOANN BYLES-HOLMGREM, SHAUNESSY CARBAIA, CHARLENE DEAJON, SHERRI SCHRITCHFIELD, PAIGE WATTS, MICHAEL JOHNSON, PAM CODER, BRAD LOVE., ANGEL PRODUCTION, US LEGAL, ESQUIRE, COURT REPORTER, APRIL BALCOMBE, SAMMY RAGLAND., AUDIO VISION, LISA VENATOR-MORTON and DELLA ROTHERMEL

INTERROGATORY NO. 5: Provide a detailed description of the nature of the group boycott as alleged in your complaint, including specific actions taken by Southwest that you contend constitute a boycott. Additionally, identify any other persons or entities involved in these actions alongside Defendants.

ANSWER TO INTERROGATORY NO. 5: Plaintiffs do not have all the production to give a detailed description of the specific actions Southwest took to constitute a boycott. What we do know is that Southwest stopped using Austin Legal Video not because of bad service but because Austin Legal Video could not take their work a week in advance. They claim that upper management somehow communicated with scheduling to take Austin Legal Video off their preferred vendor list. Yet in discovery no such communication was ever produced. Southwest also had to make sure that Walter Bryan was not affiliated with Trey Perez before it would consider him. Southwest knows that Depo-Notes being excluded from the lawsuit was an incorrect ruling by the judge because Southwest Reporting was the largest user of our video only services (NO REPORTER). If the judge was right then every single deposition that we took or any other videographer took without a reporter would be inadmissible.

INTERROGATORY NO. 6: Describe the standard business practices in the deposition videography industry.

ANSWER TO INTERROGATORY NO. 6 The standard operating procedure for deposition videography was that a court reporting firm would schedule a deposition with us for video. Usually via an email .It could be with or without a reporter. In cases where a reporter would not be present we would make sure the videographer was a notary public. We would receive confirmation that the deposition was going forward the day before. We would shoot the deposition and fill out the client's paperwork with copy orders and signatures from the taking attorney. The videos and paperwork would be uploaded and sent to the court reporting firms usually the next day along with an invoice.

INTERROGATORY NO. 7: Identify all entities for which you have limited the scheduling of deposition videography services, including the date each restriction was implemented, the specifics of these restrictions, and the reasons for their implementation.

ANSWER TO INTERROGATORY NO. 7 : Southwest was the only one.

INTERROGATORY NO. 8: Provide a detailed account of the economic impact that the alleged group boycott has had on your business, including but not limited to loss of revenue,customers, or market share.

ANSWER TO INTERROGATORY NO. 8: The business does no longer do business . The alleged boycott was successful.

INTERROGATORY NO. 9: Detail any steps you have taken to mitigate the damages caused by the alleged group boycott, including efforts to secure alternative customers or business partners.

ANSWER TO INTERROGATORY NO. 9: I began doing overflow work for other videographers and trying to get direct attorney clients.

INTERROGATORY NO. 10: Describe any non-economic impacts that the alleged group boycott has had on your business, such as reputational harm, loss of goodwill, or operational disruptions.

ANSWER TO INTERROGATORY NO. 10: There is no more business.

INTERROGATORY NO. 11: Identify and describe any contracts, agreements, or other legal obligations that you believe the defendants violated in connection with the alleged group boycott.

ANSWER TO INTERROGATORY NO. 11: Objection , calls for a legal conclusion.

INTERROGATORY NO. 12: If you contend that a conspiracy existed between Defendantsand any Other Party to engage in a group boycott, identify all evidence supporting this contention.

ANSWER TO INTERROGATORY NO. 12: Defendants have not produced all documents requested to show the conspiracy. A video was made at the February 2020 TCRA meeting in Corpus Christi, Texas that defendants claim not to have. My attorney at the time did not question this and just took their word as truth. I had even sent him correspondence with a

videographer from Corpus Christi that had videotaped the event. Joe Cook with Coastal Bend.

INTERROGATORY NO. 13: If you contend that Defendants specifically intended to harm your business, whether through the alleged group boycott or otherwise, identify all evidence supporting this contention. Identify all exhibits You intend to use at trial.

ANSWER TO INTERROGATORY NO. 13: I plan to use every exhibit that was produced by defendants.

INTERROGATORY NO. 14: Identify all witnesses You intend to call at trial.

ANSWER TO INTERROGATORY NO. 14: Refer to interrogatory no. 4

INTERROGATORY NO. 15: If Your answer to any of Defendant's Request for Admission are anything other than an unqualified admission, Identify all facts that evidence your denial or partial denial of such Request for Admission.

ANSWER TO INTERROGATORY NO. 15: Objection, calls for a legal conclusion.