IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| AUSTIN LEGAL VIDEO, LLC and PASQUAL PEREZ, III<br><br>*Plaintiffs,*<br><br>v.<br><br>DEPOSITION SOLUTIONS, LLC D/B/A LEXITAS, COURT REPORTERS CLEARINGHOUSE, INC., ALDERSON REPORTING COMPANY, INC., SOUTHWEST REPORTING & VIDEO SERVICE, INC., KENNEDY REPORTING SERVICE, INC., TEXAS COURT REPORTERS ASSOCIATION, INC., SPEECH TO TEXT INSTITUTE, INC., SHERRI FISHER, LORRIE SCHNOOR, SONIA TREVINO, AND SHELLY TUCKER,<br><br>*Defendants.* | FILED<br>May 20, 2025<br>CLERK, U.S. DISTRICT COURT<br>WESTERN DISTRICT OF TEXAS<br>BY: _____DM_____<br>DEPUTY<br><br>Case No. 1:23-CV-00421 |

## PLAINTIFFS' RESPONSE TO SOUTHWEST REPORTING & VIDEO SERVICE, INC.'S MOTION TO DISMISS AND FOR SUMMARY JUDGEMENT

Plaintiff Pasqual Perez, III respectfully submits this brief to its response (Document #108) to Southwest Reporting & Video Service, Inc.'s Motion to Dismiss and for Summary Judgement.

## BACKGROUND OF THE PROCEEDINGS

From the very beginning of this ordeal of trying to innovate in the court reporting legal industry. The Plaintiff has been met with disdain and an arrogance of superiority by defendants and this court. Lies about the plaintiff have remained in rulings with NOTHING to support that lie. In Document 53 an order reads "Perez marketed this product during depositions in which

Austin Legal Video was being paid to provide videorecording services." We quickly responded to the lie by providing an email **(Exhibit A)** from Lexitas to Perez thanking him for letting clients into their Austin office and even wanting to give Perez a key to their office. This email was sent in January 2020. The lie about Perez marketing in depositions came about by Lexitas claiming it became aware of this marketing in 2019. Had Lexitas truly learned that Perez was marketing his application at depositions in November of 2019, it is unlikely they would offer Perez a key to their office. It is more likely that Lexitas made this up to cover up the real reason they stopped doing business with Plaintiff. Yet this lie remains and portrays Perez as a thief that would try and steal clients. Words like illegal, invaders and evading have all been used to describe Perez. Again, from Document 53 "In this case, Depo-Notes is attempting to offer a product that it cannot under the Texas Government Code. Section 154.101(f) of the Texas Government Code provides that "all depositions conducted in this state must be recorded by a certified shorthand reporter." Section 154.101(b) provides that "[a] person may not engage in shorthand reporting in this state unless the person is certified as: (1) a shorthand reporter by the supreme court under this section; or (2) an apprentice court reporter or provisional court reporter." Depo-Notes is not certified in shorthand reporting.". Yet EVERY defendant in this case has utilized our video only services to conduct a deposition. The largest plaintiffs' firm in Texas has advertised that its firm has received over A BILLION dollars for its clients in the last 4 years. Most of those depositions were taken without a court reporter. This type of ruling is called selective enforcement. Again, from Document 53 "There are studies that show automated speech can be unreliable and specifically there are reports of racial disparities in automated speech recognition. See Allison Koenecke et al., Racial Disparities in Automated Speech Recognition, Proceedings Nat'l Acad. Sci. 13 Case 1:23-cv-00421-DAE Document 53 Filed 11/16/23 Page 14 of 27 (2020). This is why certification is

essential to court reporting and why Depo Notes' efforts to evade the regulatory regime will not provide standing.". The topic of race is brought up by the court, but it fails to bring up the fact that this same industry that Perez is being excluded from is 85% White. The court reporters or as they call themselves "Guardians of the Record" are not immune from racist ideology as seen **in (Exhibit Z)** and **(Exhibit Y)**. Exhibit Y is in fact a post from JoAnn Holmgren the wife of Mr. Dennis Holmgren who represents all the individual court reporters named in this suit (Exhibit T). Depo-Notes, Austin Legal Video, or Pasqual Perez did not try to evade the regulatory regime. The regime was doing all it could to be unhelpful to Perez **(Exhibit B)**. From Document 72 "To be clear, the Court understands that many companies such as Verbit, Rev, Parrot, and Stenograph offer speech-to-text as a standalone technology. However, Depo-Notes may not, as it has argued to this Court, It planned to offer uncertified rough draft transcripts where a Certified Shorthand Reporter (CSR) is already present at a deposition. This is exactly the type of service that Depo-Notes has argued it performs. (Dkt. # 42 at 2.)" The same argument could be made that a mere opportunity to offer uncertified rough drafts does not suggest an illegal act. The same argument could be made that a mere opportunity to develop a tool that defendants saw as a threat does not make it an illegal act. Even with evidence like **(Exhibit E)** numbered TCRA_000181 from social media plainly shows a boycott in progress. Yet this argument is granted to defendants when it comes to their associations in Document 90."Moreover, a mere opportunity to conspire does not, standing alone, plausibly suggest an illegal agreement because [the defendants'] presence at such trade meetings is more likely explained by their lawful, free-market behavior." (citation omitted)); LaFlamme v. Societe Air France, 702 F.Supp.2d 136 (E.D.N.Y.2010) (citing Twombly, 550 U.S. at 567 n. 12, 127 S.Ct. 1955 and In re Elevator Antitrust Litig., No. 04–CV–1178, 2006 WL 1470994, at *30–31 (S.D.N.Y. May 30, 2006), aff'd, 502 F.3d 47 (2d Cir.2007))" Even though I never sold a transcript,

I never took a deposition without a reporter for one of our own clients and never broke the law. This court has ruled that the application/tool was illegal and that I could not develop in a free market as a legal American citizen. We have been held to a higher level of scrutiny and are not allowed to innovate without having a solid blueprint or roadmap for this speech to text application.

**MOTION FOR SUMMARY JUDGMENT AND TO DISMISS**

**SUMMARY JUDGEMENT EVIDENCE**

Now comes Southwest Reporting & Video with Affidavits that were taken approximately 7 days ago. These affidavits are an attempt to give a reason that would make sense of why they stopped utilizing our services. They also attempt to make myself out as an angry, aggressive, cursing individual who distressed their employee. In Document 108-8 email correspondence from that distressed employee replying to me begins with – "Good Morning Trey, Good to hear from you." Not once does she mention my unprofessional aggressive incident that had her shaken as to why they ceased using us. Attached is **(Exhibit C)** and **(Exhibit D)** production from Fisher labeled Fisher 000399 and 000400 the text messages between Fisher and Schnoor state "Did she tell him why? I hope no one does …" referring to me asking Court Reporters Clearing house why they stopped using us. This was the environment I was dealing with because none of my clients had a good reason for not using us other than the group boycotting by the court reporters for development of this technology. The email chain begins with me inquiring about why they stopped using us and ends with me explaining why we imposed the 1 week limitation on jobs we would take. Believing that a company like Southwest would not have any internal email communication amongst its employees and upper management stating not to use our services is a far stretch of the imagination. The interaction with Walter Bryan is another indicator of the true reasoning for not using our

services. In fact, Southwest could have simply asked what his protocol was regarding booking jobs, but that topic is never brought up.

## CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2025, a true and correct copy of the foregoing document was served on all counsel by CM/ECF:

<u>*Pasqual Perez, III*</u>

<span style="color:red">Exhibit A Proof of Lexitas marketing lie</span>

# Austin Office

---

From: William (Bo) Davis (bo.davis@lexitaslegal.com)

To: shellymtucker@yahoo.com; Cynthiagwarren@aol.com; arvideodepos@yahoo.com; pasqualperez@yahoo.com; michellerantos@gmail.com; katrinafw@hotmail.com; mollycarter224@gmail.com; amy.enberg@yahoo.com; betty.combs@lexitaslegal.com

Date: Friday, January 24, 2020 at 10:22 AM GMT-5

---

Good morning, all.    I think everyone is aware that we were actively sourcing for someone to be in the Austin office.   However, after many, MANY interviews, we have not found someone to place in that position.   Along with how well Betty is doing with working with each of you, it has been decided that we will not actually hire a person for the Austin office.    Instead, we are going to move to a managed office via a Regus/Executive Suite type situation.    This will allow for us to provide conference rooms for clients, with services for deposition accommodations - drinks/snacks/printing, etc.   Betty will continue to handle your schedules and assignments and will be your point of contact.

The Austin office lease is not up until June, but we may go ahead and move to a managed office prior to that time.     Of course, I want to thank Al and Trey for all that they have done with being kind enough to go and unlock the office when there are depositions being held in the office. This has saved me from having to drive down there each time.
I would like to send each of you a key to the office so that if there is a deposition in the office which does not have a videographer, that you could open the office yourself.   Please let me know if you would be amenable to this.


I will, of course, keep everyone updated as changes take place.

Bo




**William (Bo) Davis**
**Regional Director, Dallas/Nationwide Networking**
--------------------------------------------------

**888-893-3767 / Reporting**
**800-497-7618 / Records**



**The Letter of the Law. The Spirit of Service.**



PRIVILEGED AND CONFIDENTIAL. This email and any files transmitted with it are privileged and confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender. If you are not the named addressee you should not disseminate, distribute or copy this e-mail or any of its attachments.

## RE: Court reporter ownership

From: Courtreporting (courtreporting@txcourts.gov)

To: pasqualperez@yahoo.com

Date: Friday, May 29, 2020 at 08:51 AM GMT-5

Good Morning-

Thank you for your email. I am so sorry for the inconvenience. Our website is up and running but our database is not. Our "IT" department is working as fast as they can to restore our database. At this time there is no timeframe we can give our applicants. Additional information will be forthcoming when available. Thank you for your patience as we work through these issues.

Best Regards,

# Marcie Tapia

License & Permit Specialist III, JBCC
Regulatory Services of the Office of Court Administration
courtreporting@txcourts.gov
Office: 512-475-4368



---

**From:** Pasqual Perez <pasqualperez@yahoo.com>
**Sent:** Thursday, May 28, 2020 3:44 PM
**To:** Courtreporting <courtreporting@txcourts.gov>
**Subject:** Re: Court reporter ownership

Hi Marcie,

Can you please give me any kind of time frame that we will be able to Register as a firm.

The link you sent goes nowhere, I am trying to conduct business in a hostile environment already , the court reporters association has filed a grievance against us for advertising as a firm, we didn't but to limit anymore interference by the court reporting firms we are trying to register as a firm. Can someone please call me or respond to our pleas for help with this matter?


Thank you,

Pasqual Perez III  "Trey"

Austin Legal Video

dba / Deposition Video Services

512-750-2167

On Wednesday, May 27, 2020, 04:03:41 PM CDT, Michelle Cherney-Perez <m.cherneyperez@gmail.com> wrote:

---------- Forwarded message ---------
From: **Courtreporting** <courtreporting@txcourts.gov>
Date: Wed, May 27, 2020 at 2:15 PM
Subject: RE: Court reporter ownership
To: Michelle Cherney-Perez <m.cherneyperez@gmail.com>

May this confirm receipt of your email. No, applications cannot be done by phone, only online. The JBCC is currently experiencing issues with the licensing system. Please reference the Alert on our website (txcourts.gov/jbcc/) for any additional updates.

Additional information will be forthcoming when available. Thank you for your patience as we work through these issues.

Best Regards,

## Marcie Tapia

License & Permit Specialist III, JBCC
Regulatory Services of the Office of Court Administration
courtreporting@txcourts.gov
Office: 512-475-4368



**From:** Michelle Cherney-Perez <m.cherneyperez@gmail.com>
**Sent:** Wednesday, May 27, 2020 2:03 PM
**To:** Courtreporting <courtreporting@txcourts.gov>
**Subject:** Re: Court reporter ownership

Good afternoon,

Is there any way to proceed with a application over the phone or is this only to be done online or in person?

Thank you,
*Michelle Cherney*
Austin Legal Video, LLC
Austinlegalvideo.net

> On Mon, Feb 24, 2020 at 7:55 AM Courtreporting <courtreporting@txcourts.gov> wrote:
>
>> Good Morning Michelle,
>>
>> Yes, ma'am, a non-CSR owned firm can register. They will have to pay the application fee though. Thanks for your inquiry.
>>
>> Sheryl
>>
>> **From:** Michelle Cherney-Perez <m.cherneyperez@gmail.com>
>> **Sent:** Sunday, February 23, 2020 10:48 PM
>> **To:** Courtreporting <courtreporting@txcourts.gov>
>> **Subject:** Re: Court reporter ownership
>>
>> Hi Sheryl,
>>
>> Thank you so much for getting back to me. Can a Court Reporting Firm register without having a Court Reporter as shared owner?
>>
>> On Fri, Feb 21, 2020 at 3:16 PM Courtreporting <courtreporting@txcourts.gov> wrote:
>>
>>> Hello Michelle,
>>>
>>> Thanks for contacting us. Regarding your inquiry, technically it is not a waiver. If the firm meets the 50% controlling interest CSR part of section 154.107 (d) of the statute, they would not have to pay the fee because the fees paid by the owning CSR would be considered as covering it. Thanks for your inquiry. Have a wonderful day.
>>>
>>> *"Section 154.107 (d)*
>>>
>>> *(d) Notwithstanding Section 152.2015 and Subsection (c) of this section, a shorthand reporting firm shall pay a registration or renewal fee in an amount equal to the fee for court reporter certification under Section 154.101 in lieu of the fee required for a shorthand reporting firm registration if a certified court reporter of the firm:*
>>>
>>> *(1) has an ownership interest in the firm of more than 50 percent; and*
>>>
>>> *(2) maintains actual control of the firm."*
>>>
>>> Sincerely,
>>> Sheryl Jones
>>> Licensing Manager
>>> (on behalf of CSR licensing specialist)
>>>
>>> **From:** Michelle Cherney-Perez <m.cherneyperez@gmail.com>
>>> **Sent:** Friday, February 21, 2020 10:44 AM
>>> **To:** Courtreporting <courtreporting@txcourts.gov>
>>> **Subject:** Court reporter ownership
>>>
>>> Hi there,
>>>
>>> I work with a legal video firm that may want to merge into a court reporting firm. I saw that a Court Reporter must own at least 50% of the firm in order to have the certification fee waived. Is that true in general or just to have the registration fee waived?

--
*Michelle Cherney*
Austin Legal Video, LLC
Austinlegalvideo.net

Exhibit C Fisher-000399

**Lorrie Schnoor**

MMS 4:44 PM

And I'm not done with it yet.
4:49 PM

Not going down without a fight
4:50 PM

I knew you weren't. He just keeps digging himself a deeper hole. He called Sherry Scritchfield at CRC last Friday demanding to know why no one was using him
4:50 PM

Did she tell him why?  I hope no o...

Fisher-000399

 Lorrie Schnoor

4:50 PM

Did she tell him why? I hope no one does just because he's a jerk

Rinard's dismissal letter acted as if I had filed a grievance against Trey as a videographer, period. It did not address the fact that he's taking video-only depos against the laws. It's so ridiculous.

4:55 PM

He has absolutely no work. He tried to convince her that his software



Exhibit Y JoAnn Holmgren post



## COURT REPORTER DEMOGRAPHICS BY RACE

The most common ethnicity among court reporters is White, which makes up 85.0% of all court reporters. Comparatively, 5.6% of court reporters are Hispanic or Latino and 4.4% of court reporters are Unknown.

Job Title

- White, 85.0%
- Hispanic or Latino, 5.6%
- Unknown, 4.4%
- Black or African American, 3.3%
- Asian, 1.4%
- American Indian and Alaska Native, 0.3%

This was a post from a court reporter. Perfect example of how they view technology.
#guardiansoftherecord
and competition

Don't Mess with Texas

WHEN YOU REALIZE
A Digital Recorder Has Taken Your Depo

Court Reporters

**Post and comment made by**

 Jo Ann Holmgren

He's just so hard-headed! I've never seen someone with such bravado and no bullshit to back it up!!! Does he even know what my hubby could do to him? I so wanted

rey" Perez III  ✕  |  +

ps://www.linkedin.com/in/pasqual-trey-perez-iii-8a6b78131/recent-activity/all/

Co...  | CR What is a Certified E...  |  Austin Legal Video,...  |  DVW- Uploads  |  QuickBooks Login -...  |  Bank of America | O...  |  Google  |  Image may

Home | My Network | Jobs | Messaging | Notifications | Me ▼ | For Business ▼ | Learning

THU AT 3:50 AM

Yes because another videographer told me I should join. You are very insecure. It's like you're so jealous because we make more than you do. That just pisses you off. I bet when you're in a depo you can't stand it that we sit there making a lot of money on transcripts AND we get 300 to 500 per diem. (Sometimes more). Get educated and you too can become an awesome stenographer. A bet when that reporter told you even a monkey can press record, you're whole ego just deflated! 🤣🤣🤣👏🏼👏🏼. She made you feel like the loser that you are. You literally cannot get over it! I love your everyday misery. I just absolutely love it. 🤣🤣🤣

Most Hispanic men have ego issues. I bet you're short too. Most of them are. Little short men. 🤣🤣🤣

Unlock your full p

Pasqual "Trey",

Re

Messaging

ey" Perez III

ager at Austin
deo, LLC

266