IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| PASQUAL PEREZ, III, | § | No. 1:23-cv-00421-DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| SOUTHWEST REPORTING & VIDEO SERVICE, INC., SPEECH TO TEXT INSTITUTE, INC., SHERRI FISHER, AND SHELLY TUCKER | § § § § § | |
| | § | |
| Defendants. | § | |
| _____ | § § § § § § | |

ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

Before the Court are Motions to Dismiss and for Summary Judgment by (1) Southwest Reporting & Video Service ("Southwest") (Dkt. # 108), and (2) Sherri Fisher and Shelly Tucker (Dkt. # 107).  The Court finds these matters suitable for disposition without a hearing. After careful consideration of the filings and relevant case law, and for the reasons that follow, the Court **GRANTS** Defendants' above-mentioned Motions.  (Dkt. ## 107, 108.)

1

BACKGROUND

The sole remaining Plaintiff in this suit is Pasqual "Trey" Perez III. Perez is the owner of Depo-Notes LLC, a speech-to-text technology business ("Depo-Notes") and Austin Legal Video, LLC ("Austin Legal Video"), a legal videography business. (Dkt. # 73 at ¶ 9.)

In 2019, Perez and Depo-Notes developed speech-to text technology that would allow them to produce transcripts of deposition proceedings in which they were serving as videographers (as Austin Legal Video) without the need for a certified shorthand reporter ("CSR"). (Id. at ¶¶ 40, 43.)

Depo-Notes faced quick backlash throughout the court reporting industry. (Id. at ¶¶ 46–47.) Perez alleges that Defendants engaged in a "group boycott" of his services after he developed Depo-Notes because Defendants viewed his business as a threat to their own. (Id. at ¶¶ 1, 2.) In response, he brings the instant antitrust suit, seeking damages under Section 1 of the Sherman Act, 15 U.S.C. § 1, and other state laws, including the Texas Antitrust Act, TEX. BUS. & COM. CODE §§ 15.04 et seq., arising out of the unlawful and anticompetitive practices of Defendants. (Id. at ¶¶ 76–88.)

Since the inception of this lawsuit, various parties have been dismissed. Mr. Perez, in his individual capacity, is the only remaining Plaintiff since Depo-Notes and Austin Legal Video's claims were dismissed. (Dkt. ## 54,

106). Remaining Defendants include litigation support firms Southwest Reporting & Video Service, Inc. and Speech to Text Institute, Inc., and CSRs Sherri Fisher and Shelly Tucker. (See Dkt. # 73.)

Southwest and the CSRs bring two separate Motions to Dismiss and for Summary Judgment pursuant to Federal Rules of Civil Procedure 12(b)(1) and 56. (Dkt. ## 107, 108.) They assert that Plaintiff lacks standing to bring this suit under antitrust-specific standing requirements and the case should be dismissed for lack of jurisdiction. (Id.) In the alternative, they argue that the merits of Plaintiff's case warrant dismissal on summary judgment. (Id.) Plaintiff has responded, and both motions are ripe for resolution. (See Dkt. ## 110, 113, 114.)

## LEGAL STANDARD

I.  Fed. R. Civ. P. 56

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable [factfinder] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52.

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

At the summary judgment stage, the court draws all reasonable inferences in the light most favorable to the nonmoving party. Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019). However, "unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012).

II.     Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure Rule 12(b)(1) authorizes a district court to dismiss an action for lack of subject-matter jurisdiction. If at any time the district court concludes that it lacks subject-matter jurisdiction, the action "*must*" be dismissed. Fed. R. Civ. P. 12(h)(3) (emphasis added). The burden of proof for a motion to dismiss based upon lack of subject-matter jurisdiction under Rule 12(b)(1) is on the party asserting jurisdiction. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (citation omitted). Thus, Plaintiffs bear the burden to

4

prove by a preponderance of the evidence that subject-matter jurisdiction exists. See Vantage Trailers, Inc. v. Beall Corp., 567 F.3d 745, 748 (5th Cir. 2009) (citation omitted). In evaluating whether subject-matter jurisdiction exists, the district court "must resolve disputed facts without giving a presumption of truthfulness to the plaintiff's allegations." Id. (citation omitted).

## DISCUSSION

Movant defendants first challenge the court's jurisdiction over Plaintiff's claims, arguing he fails to adequately allege the necessary elements of standing to support an antitrust claim. (Dkt. ## 107, 108.) Finding standing to be at issue, the Court begins with a jurisdictional analysis under Rule 12(b)(1) before turning to the remaining motions in the case. See Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 240, 255 (1994) ("Standing is a jurisdictional requirement which remains open to review at all stages of litigation.").

I.     Plaintiff Lacks Standing to Bring Antitrust Claims in Individual Capacity

"[A]n antitrust plaintiff must do more than meet the requirements of Article III to establish [his] standing to bring suit." Sanger Ins. Agency v. HUB Int'l, Ltd., 802 F.3d 732, 737 (5th Cir. 2015). For a plaintiff to allege standing for an antitrust claim under the Sherman Act, he must show (1) injury-in-fact proximately caused by the defendants' conduct; (2) antitrust injury; and (3) proper plaintiff status. Jebaco, Inc. v. Harrah's Operating Co., Inc., 587 F.3d 314, 318

(5th Cir. 2009) (citing Doctor's Hosp. of Jefferson, Inc. v. Southeast Med. Alliance, 123 F.3d 301, 305 (5th Cir. 1997)).

Defendants Fisher and Tucker argue that Mr. Perez lacks standing because he has not alleged any harm independent from that of his companies. (Dkt. # 107 at 4–5.) Defendant Southwest advances a similar theory in its Motion to Dismiss. (Dkt. # 108 at 3–4.) Southwest additionally clarifies in its reply that its position is that Perez fails to allege an antitrust injury, and in the alternative, fails to demonstrate that he is a "proper party" to confer standing. (Dkt. # 115 at 2, 6.) Plaintiff Perez counters that he "ha[s] no business now and to say [he] was not harmed is wrong and as far from the truth as possible." (Dkt. # 110 at 4.) The Court first looks to the "antitrust injury" requirement because it is dispositive of both motions.

In a recent Fifth Circuit decision, the appellate court described the "antitrust injury" requirement:

> The Supreme Court has distilled antitrust injury as being "injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." Brunswick Corp v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977). "The antitrust laws . . . were enacted for 'the protection of competition not competitors." Id. at 488 (quoting Brown Shoe Co. v. United States, 370 U.S. 294, 336–37 (1962)). . . . In short, the question underlying antitrust injury is whether *consumers*—not *competitors*—have been harmed.

Rx Solutions, Inc. v. Caremark, LLC, --- F.4th ---, 2026 WL 100806, at *5 (5th Cir. 2026).

6

Plaintiff alleges that his business and income has suffered as a result of the alleged group boycott. (Dkt. # 73 at ¶¶ 4, 57, 72, 75.) Indeed, Plaintiff's argument in his response that he "ha[s] no business now" affirms his position that his harm is in lost business opportunities and profit. (See Dkt. # 110 at 4.) However, these allegations fail as an "antitrust injury" for two distinct reasons: (1) these harms are not distinct to him but are rather derivative of the harms suffered by Austin Legal Video and Depo-Notes; and (2) Plaintiff does not allege these harms are to consumers or competition in general—only to his companies.

First, "Congress did not intend to allow every person tangentially affected by an antitrust violation to maintain an action to recover threefold damages for the injury to his business or property." Blue Shield of Virginia v. McCready, 457 U.S. 465, 477 (1982). The 7th Circuit addressed an analogous situation in which a plaintiff alleged harms on behalf of himself and his company. Southwest Suburban Bd. of Realtors, Inc. v. Beverly Area Planning Ass'n, 830 F.2d 1374, 1378 (7th Cir. 1987). The court found the plaintiff lacked standing because he did not allege harms that were "separate and distinct" from the company's harms. Id. ("While [plaintiff] may in fact have suffered some injury as a result of the alleged antitrust violation, presumably in the form of reduced salary, commissions, or other employment benefits due to the corporation's weakened competitive position, such injury was merely derivative of the injury suffered by

7

the corporation itself."). The appellate court reasoned that derivative injuries were not sufficient to confer antitrust standing on plaintiffs. Id. The Court finds the same result necessary here, where Plaintiff's harms are derivative of harms to Austin Legal Video and Depo-Notes—both plaintiffs which have already been dismissed from this action. See id.

Second, Plaintiff does not allege sufficient facts to conclude that any alleged injury he has suffered is an "antitrust injury." Upon reviewing Plaintiff's Second Amended Complaint, the Court finds that it contains insufficient allegations as to the harm to competition generally or consumers—not just harm to himself or his companies. See Rx Solutions, Inc., 2026 WL 100806, at *5. Plaintiff does purport to make allegations as to the "antitrust injury" by saying that "Defendants' anticompetitive and unlawful conduct has reduced competition by eliminating consumer choice." (Dkt. # 73 at ¶ 73.) He continues that "[t]his harm confers antitrust standing upon Austin Legal Video and Depo-Notes to rectify the antitrust injury that Defendants have caused." (Id. at ¶ 75.) These conclusory allegations, without more, do not properly confer standing. See Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) ("[A] plaintiff must plead specific facts, not mere conclusory allegations. We will thus not accept as true conclusory allegations or unwarranted deductions of fact.") (internal citations omitted). Further, as these statements tacitly appear to admit, to the extent

8

standing is conferred, it applies to Austin Legal Video and Depo-Notes; not to Mr. Perez in his individual capacity.  (See id.)

Having found that Plaintiff failed to adequately plead an antitrust injury, the Court declines to address Defendants' remaining arguments concerning the other elements of antitrust standing.  Thus, the Court **DISMISSES** Plaintiff's claims **WITHOUT PREJUDICE**.[1]

II.   The Court Need Not Reach Motions for Summary Judgment

Having found that the Court lacks jurisdiction over Plaintiff's Sherman Act antitrust claim, it need not reach the remaining arguments in the Motions for Summary Judgment. (Dkt. ## 107, 108.)  See Tex. Bus. & Com. Code § 15.04 ("The provisions of this Act . . . shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes to the extent consistent with this purpose."); Tessera, Inc. v Micron Technology, Inc., No. 2:05CV94, 2005 WL 1661106 (E.D. Tex. 2005) ("Because standing under the Texas Antitrust Act is co-extensive with the judicial interpretations of the Sherman

---

[1] The Court notes that Defendants' Motions request the Court dismiss Plaintiff's claims with prejudice.  However, because the Court finds Plaintiff's claims should be dismissed in accordance with Rule 12(b)(1), dismissal without prejudice is the more appropriate remedy.  See Cox, Cox, Filo, Camel & Wilson, LLC v. Sasol N. Am., Inc., 544 Fed. App'x 455, 455 (5th Cir. 2013) ("[T]o dismiss with prejudice under Rule 12(b)(1) is to disclaim jurisdiction and then exercise it.").

Act, the two inquiries collapse into the question of whether or not [plaintiff] has Sherman Antitrust standing to sue.").

In the alternative, having found that Plaintiff's sole federal claim under the Sherman Act should be dismissed, the Court declines to exercise its supplemental jurisdiction over any remaining state law claims. Priester v. Lowndes County, 354 F.3d 414, 425 (5th Cir. 2004) ("In cases where all of the federal claims are dismissed before trial, the general rule is that a district court may decline to exercise supplemental jurisdiction.").

## CONCLUSION

For the reasons stated in this Order, the Court **GRANTS** Plaintiff's Motions to Dismiss and for Summary Judgment **WITHOUT PREJUDICE**. (Dkt. # 107, 108.) Defendants Sherri Fisher and Shelly Tucker's Motion for Judgment and Motion to Sever is thus **DENIED AS MOOT**. (Dkt. # 112.) The Clerk is therefore **INSTRUCTED** to **CLOSE THE CASE**.

**IT IS SO ORDERED**.

DATED: Austin, Texas, February 11, 2026.

_____
David Alan Ezra
Senior U.S. District Judge